CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 29 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

KRISTEN HAGEE, MICHELLE HANEY, )
and JEREMY LANG, )
)
Plaintiffs, ) Civil Action No. 3:17CV00076
)
v. ) **MEMORANDUM OPINION**
)
CAPITAL TACOS, INC. d/b/a ) By: Hon. Glen E. Conrad
FUZZY'S TACO SHOP, ) Senior United States District Judge
)
Defendant. )

In the instant action, Kristen Hagee, Michelle Haney, and Jeremy Lang assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, against their former employer, Capital Tacos, Inc. ("Capital Tacos"). Capital Tacos has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the court will grant the defendant's motion, dismiss the plaintiffs' claims without prejudice, and permit the plaintiffs to file an amended complaint.

## Factual Background

The following factual allegations, taken from the plaintiffs' complaint, are accepted as true for purposes of the pending motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

Capital Tacos operates a restaurant known as "Fuzzy's Taco Shop" in Charlottesville, Virginia. Hagee, Haney, and Lang worked at the restaurant from May 2, 2017 until mid-June of 2017. They received an hourly wage, along with a share of the tips left by customers each day.

During the first week of their employment, the plaintiffs worked "long hours" as part of a "week-long 'orientation.'" Compl. ¶ 12, Docket No. 1. The plaintiffs allege that the defendant failed to pay them an "adequate wage" for the time that they worked during the orientation period. Id.

On or about June 8, 2017, Haney expressed concern to Lang regarding her paycheck. Haney noticed that she had not been compensated for a shift that she worked on May 20, 2017, and that she had not received any overtime pay for hours worked in excess of 40 hours per week. After speaking with Haney, Lang noticed "discrepancies in his pay, including that the time recorded on his 'check-out slip' at the end of each shift did not match the amount of time recorded on the pay stub of his most recent pay check." Compl. ¶ 15. Lang also noticed that he had not received overtime pay for hours worked in excess of 40 hours per week.

On or about June 9, 2017, Lang approached the "owner/manger" of the restaurant, Pranav Shah, and "asked for a copy of a labor report." Id. ¶¶ 7, 16. Shah refused to provide the report, and advised Lang that his employment would be terminated if he insisted on obtaining it. Lang did not appear for his assigned shift the following day, and was subsequently terminated.

Haney returned to work on June 10, 2017. Upon her arrival, Shah informed Haney that she was being terminated. "When Haney asked why she was being terminated, [Shah] stated a number of reasons, before admitting that Haney was terminated out of concern that she would exercise her statutory rights under the FLSA and Virginia law." Id. ¶ 19.

On that same day, after discovering a problem with her own pay check and learning that Haney and Lang's pay checks were purportedly incorrect, Hagee approached Shah and requested a copy of her labor report. Hagee informed Shah that she intended to consult an attorney regarding

her rights under the FLSA, and that she refused to return to work until she was paid all of the wages and overtime pay that she was due.

On June 11, 2017, an officer with the Albemarle County Police Department delivered a notice of termination of employment to Lang and Haney, which was drafted and signed by Shah. The officer advised Lang and Haney that they would be arrested for trespassing if they returned to Fuzzy's Taco Shop.

## Procedural History

Hagee, Haney, and Lang filed this action against Capital Tacos on October 25, 2017. In Count One of the complaint, the plaintiffs claim that the defendant violated the FLSA "by failing to compensate [them] at the required overtime rate." Id. ¶ 28. In Count Two, the plaintiffs claim that the defendant violated the FLSA "by failing to compensate [them] for all of the time that they worked at the appropriate wage." Id. ¶ 33. In Count Three, the plaintiffs claim that the defendant violated the FLSA "by terminating . . . Lang and Haney for exercising their statutory rights." Id. ¶ 38.

Capital Tacos has moved to dismiss the complaint under Rule 12(b)(6). The plaintiffs oppose the motion and, alternatively, seek leave to amend the complaint. The matter is now ripe for disposition.[1]

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiffs' favor. Erickson, 551 U.S. at 94; see also Vitol,

---

[1] The court has determined that oral argument would not aid in the decisional process.

3

S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

## Discussion

The FLSA mandates a minimum wage for covered employees, and requires the payment of overtime compensation for each hour worked in excess of forty per work week. 29 U.S.C. §§ 206(a)(1), 207(a)(1). It also contains an anti-retaliation provision, which prohibits employers from discharging an employee in retaliation for filing a complaint related to the FLSA's requirements. 29 U.S.C. § 215(a)(3). In this case, the plaintiffs assert claims under all three provisions of the FLSA. The sufficiency of each claim will be addressed in turn.

### I. Claim for unpaid overtime hours

In Count One of the complaint, the plaintiffs claim that Capital Taco violated the FLSA by failing to pay them overtime wages. In support of this claim, the plaintiffs state that they "regularly and routinely worked more than forty (40) hours in a week, without overtime pay." Compl. ¶ 13. For the following reasons, the court concludes that the plaintiffs' conclusory assertion is insufficient to state a claim upon which relief can be granted.

In Hall v. DIRECTV, LLC, 846 F.3d 757 (4th Cir. 2017), the United States Court of Appeals for the Fourth Circuit addressed "the level of detail an FLSA overtime claimant must

4

provide to overcome a Rule 12(b)(6) motion to dismiss." 846 F.3d at 776. After reviewing the approaches taken by other courts, the Fourth Circuit held as follows:

> [T]o make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours. Under this standard, plaintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay.
>
> At the same time, however, we emphasize that the standard we today adopt does not require plaintiffs to identify a particular week in which they worked uncompensated overtime hours. Rather, this standard is intended to require plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible. Thus, to state a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week. A plaintiff may meet this initial standard by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility.

Id. at 777 (citations and internal quotation marks omitted).

Applying this standard, the court concludes that the plaintiffs' complaint does not state a plausible claim for unpaid overtime wages. Indeed, Hall makes clear that the very assertion made by the plaintiffs—that they "regularly and routinely worked more than forty (40) hours in a week, without overtime pay," Compl. ¶ 13—is insufficient under Twombly and Iqbal. Hall, 846 F.3d at 777. Because the complaint lacks sufficient factual content from which the court could reasonably infer that the plaintiffs worked overtime hours for which they were not properly compensated, Count One is subject to dismissal under Rule 12(b)(6).

## II. Claim for unpaid wages

In Count Two of the complaint, the plaintiffs claim that Capital Taco violated the FLSA "by failing to compensate [them] for all of the time that they worked at the appropriate wage." Compl. ¶ 33. The FLSA requires that employees be paid wages at a rate not less than $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). However, the "FLSA does not guarantee that employees are paid for every hour of work," Avery v. Chariots For Hire, 748 F. Supp. 2d 492, 501 (D. Md. 2010), and there is no statutory violation "so long as each employee received during each week compensation equal to or exceeding the product of the total number of hours worked and the statutory minimum hourly rate," Blankenship v. Thurston Motor Lines, Inc., 415 F.2d 1193, 1198 (4th Cir. 1969) (citation and internal quotation marks omitted).

Upon review of the complaint, the court concludes that the plaintiffs' allegations in support of Count Two do not satisfy the plausibility standard set forth in Twombly and Iqbal. In response to Capital Taco's motion, the plaintiffs indicate that the claim is based on the amount of compensation they received for working during the orientation period. With respect to that period of their employment, the plaintiffs merely allege that Capital Taco "failed to pay [p]laintiffs an adequate wage for the time that they worked during 'orientation.'" Compl. ¶ 12. The court agrees with the defendant that such a conclusory statement, without any supporting facts, is insufficient to state a claim for unpaid minimum wages. Accordingly, its motion to dismiss will be granted with respect to this claim.

## III. Claim for retaliatory termination

In the third and final count, the plaintiffs claim that Capital Taco violated the FLSA "by terminating [p]laintiffs Lang and Haney for exercising their statutory rights under the FLSA."[2]

---

[2] The court notes that the plaintiffs do not allege that Hagee was the subject of retaliation.

6

Compl. ¶ 38. For the following reasons, the court concludes that this claim is also subject to dismissal under Rule 12(b)(6).

The FLSA's anti-retaliation provision makes it unlawful for a covered employer to "discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3). The Fourth Circuit has recognized that the conduct protected by this provision is "far more constricted" than the range of conduct protected by other anti-retaliation provisions. DeMasters v. Carilion Clinic, 796 F.3d 409, 422 (4th Cir. 2015); see also Ball v. Memphis Bar-B-Q Co., 228 F.3d 360, 364 (4th Cir. 2000) (observing that "the cause of action for retaliation under the FLSA is much more circumscribed" than the cause of action for retaliation under Title VII of the Civil Rights Act of 1964). While the plaintiffs correctly point out that "intracompany complaints may constitute 'fil[ing] any complaint' under § 215(a)(3)," this "does not mean that every instance of an employee 'letting off steam' to his employer constitutes protected activity." Minor v. Bostwick Laboratories, Inc., 669 F.3d 428, 437 (4th Cir. 2012) (citation omitted). Instead, "'the statute requires fair notice' to employers." Id. (quoting Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 14 (2011)). More specifically, an employee's complaint to his or her employer must be "'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" Id. (quoting Kasten, 563 U.S. at 14).

Upon review of the complaint, the court is unable to conclude that the plaintiffs' allegations satisfy the standard articulated by the Fourth Circuit to the extent required to survive a motion to dismiss. With respect to plaintiff Lang, the complaint states that Lang was terminated

7

after he "asked for a copy of a labor report," which Shah refused to provide, and then failed to appear for a scheduled shift. Compl. ¶¶ 16-17. Notably, the complaint is not entirely clear as to what report Lang was referencing, and it provides no indication as to whether Lang expressed any particular reason for requesting such report. Nor does the complaint include any other facts indicating that Lang expressed concerns to Shah regarding possible FLSA violations, or otherwise provided fair notice to the defendant that he was seeking to enforce rights protected by the FLSA. See Minor, 669 F.3d at 439 (concluding that a complaint survived review under Rule 12(b)(6) where the complaint indicated that the plaintiff expressed concerns regarding FLSA violations to the company's chief operating officer during a meeting specifically called for that purpose, and that the executive-level employee agreed to investigate the plaintiff's claims); see also Sanchez v. Caregivers Staffing Servs., Inc., No. 1:15-cv-01579, 2017 U.S. Dist. LEXIS 11259, *8 (E.D. Va. Jan. 26, 2017) (holding that "a mere request for overtime pay without more details or reasoning as to why the employee is entitled to overtime compensation is not protected activity"). The complaint therefore fails to state a plausible claim for retaliation arising from the termination of Lang's employment.

With respect to plaintiff Haney, the complaint is similarly deficient. Succinctly stated, the complaint is devoid of any facts indicating that, prior to her termination, Haney complained to Shah about alleged FLSA violations, or otherwise provided fair notice that she was seeking to enforce rights protected by the statute. As the Supreme Court observed in Kasten, "the [FLSA] prohibits employers from discriminating against an employee 'because such employee has filed any complaint,'" and "it is difficult to see how an employer who does not (or should not) know an employee has made a complaint could discriminate because of that complaint.'" Kasten, 563 U.S. at 14 (emphasis in original) (quoting 29 U.S.C. § 215(a)(3)); see also Darveau v. Detecon,

8

Inc., 515 F.3d 334, 340 (4th Cir. 2008) (explaining that a prima facie case of retaliation under the FLSA requires the plaintiff to show that she "engaged in an activity protected by the FLSA" and that "a causal connection exists between the employee's activity and the employer's adverse action"). In the absence of any allegations suggesting that Haney engaged in protected activity prior to being terminated, the court concludes that the complaint fails to state a claim for retaliation arising from Haney's termination.

### **Conclusion**

For the reasons stated, the court will grant Capital Taco's motion to dismiss. The plaintiffs' claims will be dismissed without prejudice, and the plaintiffs will be granted leave to file an amended complaint.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 30th day of January, 2018.

Senior United States District Judge

9