CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 16 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KRISTEN HAGEE, MICHELLE HANEY, and JEREMY LANG, | ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 3:17CV00076 |
| v. | ) **MEMORANDUM OPINION** ) |
| CAPITAL TACOS, INC. d/b/a FUZZY'S TACO SHOP, | ) By: Hon. Glen E. Conrad ) Senior United States District Judge ) |
| Defendant. | ) ) |

Kristen Hagee, Michelle Haney, and Jeremy Lang filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, against their former employer, Capital Tacos, Inc. ("Capital Tacos"). Capital Tacos has moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion will be granted in part and denied in part.

## Factual Background

The following factual allegations, taken from the plaintiffs' amended complaint, are accepted as true for purposes of the pending motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

Capital Tacos operates a restaurant known as "Fuzzy's Taco Shop" in Charlottesville, Virginia. Hagee, Haney, and Lang worked at the restaurant from May 2, 2017 until mid-June of 2017. They initially received an hourly wage of $8.00, along with a share of the tips left by customers each day. Capital Tacos eventually increased their pay to $9.00 per hour.

On or about May 2, 2017, the plaintiffs worked "long hours" as part of a "week-long 'orientation.'" Am. Compl. ¶ 12, Docket No. 16. Haney and Lang ultimately worked "in excess of 60 hours" that week. Id. However, Capital Tacos "only credited [them] with fourteen (14) hours" and therefore failed to adequately pay them for the time that they actually worked. Id.

Following the orientation period, the plaintiffs "regularly and routinely worked more than forty (40) hours in a week, without overtime pay." Id. ¶ 13. More specifically, each of the plaintiffs typically worked "between fifty (50) and sixty (60) hours each week." Id.

On or about June 8, 2017, Haney expressed concern to Lang regarding her paycheck. Haney noticed that she had not been compensated for a particular shift, and that she had not received any overtime pay for hours worked in excess of 40 hours per week during the pay period ending on May 20, 2017. After speaking with Haney, Lang noticed that he had not been compensated for overtime work performed during the same pay period.

On or about June 9, 2017, Lang approached the "owner/manager" of the restaurant, Pranav Shah, and "asked for a copy of a labor report." Id. ¶¶ 7, 16. Shah refused to provide the report, and advised Lang that his employment would be terminated if he insisted on obtaining it. Lang did not appear for his assigned shift the following day and was subsequently terminated.

Haney returned to work on June 10, 2017. Upon her arrival, Shah informed Haney that she was being terminated. "When Haney asked why she was being terminated, [Shah] stated a number of reasons, before admitting that Haney was terminated out of concern that she would exercise her statutory rights under the FLSA and Virginia law." Id. ¶ 19.

On that same day, after discovering a problem with her own pay check and learning that her coworkers' checks were purportedly incorrect, Hagee approached Shah and requested a copy of her labor report. Hagee informed Shah that she intended to consult an attorney regarding her

2

rights under the FLSA, and that she refused to return to work until she was paid all of the wages and overtime pay that she was due.

On June 11, 2017, an officer with the Albemarle County Police Department delivered a notice of termination of employment to Lang and Haney. The officer advised Lang and Haney that they would be arrested for trespassing if they returned to the restaurant.

**Procedural History**

Hagee, Haney, and Lang filed this action against Capital Tacos on October 25, 2017. In Count One of their original complaint, the plaintiffs claimed that the defendant violated the FLSA "by failing to compensate [them] at the required overtime rate." Compl. ¶ 28, Docket No. 1. In Count Two, the plaintiffs claimed that the defendant violated the FLSA "by failing to compensate [them] for all of the time that they worked at the appropriate wage." Id. ¶ 33. In Count Three, the plaintiffs claimed that the defendant violated the FLSA "by terminating . . . Lang and Haney for exercising their statutory rights." Id. ¶ 38.

Capital Tacos moved to dismiss the complaint under Rule 12(b)(6). The plaintiffs opposed the motion and, alternatively, requested leave to amend the complaint. By memorandum opinion and order entered January 29, 2018, the court granted Capital Tacos' motion, dismissed the original complaint without prejudice, and permitted the plaintiffs to file an amended complaint.

The plaintiffs filed an amended complaint on February 19, 2018. The amended complaint reasserts the claims for overtime compensation and unpaid wages under the FLSA. It omits the claim for retaliation asserted in the original complaint.[1]

---

[1] The court notes that "an amended pleading supersedes the original pleading, rendering the original pleading of no effect." Young v. City of Mt. Ranier, 238 F.3d 567, 573 (4th Cir. 2001). "Thus, if an amended complaint omits claims raised in the original complaint, the plaintiff has waived those omitted claims." Id.

3

Capital Tacos has moved to dismiss the amended complaint under Rule 12(b)(6). The motion has been briefed by both sides and is ripe for consideration.[2]

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiffs' favor. Erickson, 551 U.S. at 94. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

## Discussion

The FLSA "requires covered employers to pay their employees both a minimum wage and overtime pay." Hall v. DIRECTV, LLC, 846 F.3d 757, 761 (4th Cir. 2017) (citing 29 U.S.C. §§ 206, 207). In their amended complaint, the plaintiffs assert claims under both provisions of the FLSA. The sufficiency of each claim will be addressed in turn.

---

[2] The plaintiffs' brief was filed after the deadline imposed by Local Civil Rule 11. Rule 6(b) of the Federal Rules of Civil Procedure provides that the court may extend the time to file "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). Excusable neglect is "at bottom an equitable [inquiry], taking account of all relevant circumstances," including: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Under the circumstances presented, the court finds that the relevant factors weigh in favor of accepting the untimely filing. Accordingly, the court will grant the plaintiffs' motion for leave to file a late response to the defendant's motion.

## I. Claim for unpaid overtime hours

In Count One of the amended complaint, the plaintiffs claim that the defendant violated the FLSA by failing to pay them overtime compensation. The amended complaint includes additional allegations in support of this claim. For the following reasons, the court concludes that the allegations are sufficient to withstand review under Rule 12(b)(6).

As the court noted in its previous decision, the United States Court of Appeals for the Fourth Circuit recently addressed "the level of detail an FLSA overtime claimant must provide to overcome a Rule 12(b)(6) motion to dismiss." Hall, 846 F.3d at 776. After reviewing the approaches taken by other courts, the Fourth Circuit held as follows:

> [T]o make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours. Under this standard, plaintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay.
>
> At the same time, however, we emphasize that the standard we today adopt does not require plaintiffs to identify a particular week in which they worked uncompensated overtime hours. Rather, this standard is intended to require plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible. Thus, to state a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week. A plaintiff may meet this initial standard by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility.

Id. at 777 (citations and internal quotation marks omitted). The Court cited favorably to Davis v. Abington Memorial Hospital, 765 F.3d 236, 243 (3d Cir. 2014), in which the Third Circuit explained that "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra

5

hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours . . . she worked during one or more of those forty-hour weeks, would suffice." Id. (emphasis omitted).

Applying the standard adopted in Hall, the court concludes that the amended complaint states a plausible claim for unpaid overtime on behalf of each plaintiff. Unlike their original pleading, the amended complaint includes allegations regarding the plaintiffs' regular work schedules, rates of pay, and uncompensated work time. In particular, the plaintiffs allege that they were compensated at an hourly rate of $8.00 to $9.00 per hour, that they regularly and routinely worked between fifty and sixty hours per week after the orientation period, and that they did not receive overtime compensation for hours worked in excess of forty during any of those weeks. See Am. Compl. ¶¶ 11, 13. The plaintiffs further allege that Haney and Lang worked in excess of sixty hours during the week of orientation and were not compensated for their overtime labor. See id. ¶ 12. These allegations, accepted as true, are sufficient to "nudge[]" the plaintiffs' claim for unpaid overtime wages "from the merely conceivable to the plausible." Hall, 846 F.3d at 778. "At this initial stage, that is all that is required to overcome [the defendant's] motion to dismiss." Id.

## II.    Claim for unpaid minimum wages

In Count Two of the amended complaint, the plaintiffs claim that Capital Tacos violated the FLSA "by failing to compensate [them] for all of the time that they worked at the appropriate wage." Compl. ¶ 33. The FLSA requires that employees be paid wages at a rate not less than $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). However, the "FLSA does not guarantee that employees are paid for every hour of work," Avery v. Chariots For Hire, 748 F. Supp. 2d 492, 501

6

(D. Md. 2010), and there is no statutory violation "so long as each employee received during each week compensation equal to or exceeding the product of the total number of hours worked and the statutory minimum hourly rate." Blankenship v. Thurston Motor Lines, Inc., 415 F.2d 1193, 1198 (4th Cir. 1969) (citation and internal quotation marks omitted); see also Douglas v. Xerox Bus. Servs., LLC, 875 F.3d 884, 885 (9th Cir. 2017) (joining its sister circuits in concluding that the relevant unit for determining minimum-wage compliance is the workweek as a whole rather than each individual hour within the workweek).

Upon review of the amended complaint, the court concludes that it states a plausible claim for unpaid minimum wages for hours worked by Haney and Lang during the week-long orientation period. Although they were paid an hourly rate of $8.00 at the beginning of their employment, the plaintiffs allege that Haney and Lang were "only credited . . . with fourteen (14) hours worked during orientation" even though they actually worked "in excess of 60 hours." Am. Compl. ¶ 12. Accepting these allegations as true, the amount paid to Haney and Lang for the week-long orientation was not "equal to or exceeding the product of the total number of hours worked and the statutory minimum hourly rate." Blankenship, 415 F.2d at 1198. Accordingly, the court can reasonably infer that their orientation pay violated the FLSA's minimum-wage requirements.

To the extent that the amended complaint can be read to assert a claim for unpaid minimum wages on behalf of plaintiff Hagee, the court concludes that such claim is subject to dismissal under Rule 12(b)(6). Succinctly stated, the amended complaint contains no particular factual allegations that would support the determination that Hagee was paid at a rate below the federal minimum wage. The court remains convinced that conclusory assertions of inadequate compensation are insufficient to state a claim under § 206 of the FLSA.

## Conclusion

For the reasons stated, Capital Tacos' motion to dismiss will be granted in part and denied in part. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 16th day of May, 2018.

_____
Senior United States District Judge